UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAULT STE. MARIE TRIBE OF )
CHIPPEWA INDIANS, )
                                                    )
        Plaintiff, )
                                                    )
v. )   Case No. 2:06-cv-276
                                                    )   HON. R. ALLAN EDGAR
UNITED STATES OF AMERICA, et al., )
                                                    )
        Defendants. )

**ORDER AND PRELIMINARY INJUNCTION**

Plaintiff Sault Ste. Marie Tribe of Chippewa Indians moves pursuant to Fed. R. Civ. P. 65(a) and (b) for a preliminary injunction. [Doc. No. 26]. The motion was referred to Magistrate Judge Timothy P. Greeley for a report and recommendation under 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.1. The Magistrate Judge has submitted his report and recommendation. [Doc. No. 40]. Defendants have raised certain objections [Doc. No. 45], and plaintiff has responded in opposition to the objections. [Doc. No. 47].

After reviewing the entire record *de novo*, the Court concludes that the defendants' objections [Doc. No. 45] are **DENIED**. The Court **ACCEPTS and ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b).

In reviewing the plaintiff's motion for preliminary injunction, the Court has considered and balanced four factors: (1) whether the plaintiff has shown a substantial likelihood or probability of success on the merits; (2) whether the plaintiff has shown irreparable injury; (3) whether a

1

preliminary injunction would harm third parties; and (4) whether the public interest would be served by a preliminary injunction. *Jones v. City of Monroe, Michigan*, 341 F.3d 474, 476 (6th Cir. 2003); *Nightclubs, Inc. v. City of Paducah, Kentucky*, 202 F.3d 884, 888 (6th Cir. 2000); *Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995); *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985). The Court agrees with the report and recommendation that all of these factors weigh in favor of issuing a preliminary injunction.

With regard to the second factor, i.e. whether the plaintiff has shown irreparable injury, the Court notes that defendants recently submitted for the Court's consideration a copy of a letter written by David L. Bernhardt, Deputy Solicitor, Office of the Solicitor, United States Department of the Interior, which is addressed to a member of the House of Representative of the United States Congress, Hon. Bart Stupak. [Exhibit B to Defendant's Response to Plaintiff's Motion to Supplement the Record, Court Doc. No. 49-3]. In the first sentence of the fourth paragraph in the letter, Deputy Solicitor Bernhardt states the following in his capacity as an official representative of the United States Department of the Interior: "We recognize the significant potential economic impact our opinion may have on the Band." The term "Band" as used in this quoted sentence refers to and means the Sault Ste. Marie Tribe of Chippewa Indians, the plaintiff in the instant suit. The phrase "our opinion" in the quoted sentence refers to and means the legal opinion issued by Edith R. Blackwell, Associate Solicitor for the Department of the Interior, Division of Indian Affairs, on February 14, 2006. This statement made by Deputy Solicitor Bernhardt in his letter tends to support the Court's determination here that the plaintiff Indian tribe has met its burden of showing that the plaintiff will suffer substantial economic harm and irreparable injury unless the Court issues a preliminary injunction under Fed. R. Civ. P. 65.

Accordingly, the plaintiff's motion for preliminary injunction [Doc. No. 26] is **GRANTED** pursuant to Fed. R. Civ. P. 65.

The Court hereby issues the following **PRELIMINARY INJUNCTION** pursuant to Fed. R. Civ. P. 65.  Plaintiff shall be and is permitted to immediately open and operate the plaintiff's new gambling casino which has been constructed on and straddles the real property known as the "2000 Parcel" and the "1983 Parcel" located in St. Ignace, Michigan, pending the final disposition of this action and pending further order of this District Court.  Defendants are enjoined from implementing and enforcing the final administrative decision and order issued by the National Indian Gaming Commission on or about September 1, 2006, under the Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701 - 2721, which would interfere with and prevent the plaintiff's operation of said new gambling casino.  Pending the final disposition of this case and pending further order of this District Court, defendants shall not take any further action and steps to impede, prevent, stop, or otherwise interfere with the plaintiff's opening and operating said new gambling casino.

Plaintiff is not required to post a bond or other security under Fed. R. Civ. P. 65(c) because there is no risk that the defendants might suffer any money damages in the event that the preliminary injunction is ultimately determined to have been wrongfully entered.

SO ORDERED.

ENTER this August 28, 2007.

　　　　　　　　　　　　　　　　　　　　/s/    R. Allan Edgar
　　　　　　　　　　　　　　　　　　　　R. ALLAN EDGAR
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

_____

_____