UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAULT STE. MARIE TRIBE OF CHIPPEWA
INDIANS,

       Plaintiff,

v.                                                                                                  Case No. 2:06-cv-276
                                                                               HON. R. ALLAN EDGAR

UNITED STATES OF AMERICA, et al.,

       Defendants.
_____/

**OPINION**

       The Sault Ste. Marie Tribe of Chippewa Indians (hereinafter "the Tribe"), filed this complaint against the United States of America, the United States Department of the Interior, the Secretary of the Interior, and the Chairman of the National Indian Gaming Commission, pursuant to the Administrative Procedures Act. 5 U.S.C. §§ 701-706. In this action, the Tribe challenges the decision of the Defendants to disapprove the Tribe's request that it be permitted to game on a parcel of land in St. Ignace, Michigan. Pursuant to the Administrative Procedures Act, *id.*, this Court's review of the Defendants' decision must be based on the administrative record as it existed at the time the agency rendered its decision. On April 30, 2007, Defendants filed the administrative record in this matter. The record is contained in four volumes and is over 1,400 pages long. Plaintiff has filed a Motion to Supplement Administrative Record, seeking to add 27 documents to the administrative record. Defendants have filed a response to Plaintiffs' motion to supplement the record, in which they oppose the motion. Defendants do not object to the Court adding one of the documents, an April 28, 2006, letter from U.S. House Representative Bart Stupak, if it is considered

together with the responses to that letter which are attached to Defendants' Response to Plaintiff's Motion to Supplement the Record. Defendants also recognize that over half of the materials the Tribe seeks to add to the record are already part of the record. *See* footnote 3 of Defendants' Response to Plaintiff's Motion to Supplement the Record. Accordingly, about one-half of the material Plaintiff seeks to add to the record is in dispute.

> As the Sixth Circuit explained in *Sierra Club v. Slater*, 120 F.3d 623 (6th Cir. 1997):
>
> The APA requires courts to "review the whole record or those parts of it cited by a party." 5 U.S.C. § 706. As a general matter, "courts confine their review to the 'administrative record,'" which "includes all materials 'compiled' by the agency[] that were 'before the agency at the time the decision was made.'" *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (citations omitted), *cert. denied*, 519 U.S. 1077, 117 S.Ct. 737, 136 L.Ed.2d 676 (1997). Several reasons justify supplementation of the administrative record, such as when an agency deliberately or negligently excludes certain documents, or when the court needs certain "'background information' in order to determine whether the agency considered all of the relevant factors." *Id*. (citation omitted); *see United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1428 (6th Cir. 1991).

*Id*. at 639.

This Court's review of Defendants' decision is limited to consideration of the administrative record and cannot consider a new record created before the reviewing court. *See Charter Township of Van Buren v. Adamkus*, 1999 WL 701924 at 4 (6th Cir. August 30, 1999). Supplementation of the administrative record is an unusual action and is rarely appropriate. *Id*. Supplementation may be warranted where the agency has improperly excluded certain documents, or where the Court needs additional information in order to determine whether the agency considered all the relevant factors. *See Sierra Club v. Slater*, 120 F.3d at 638.

As one court explained:

It is well settled that an agency is legally bound to respect its own regulations, and commits procedural error if it fails to abide them. The Department has adopted regulations specifying the procedures to be followed on administrative appeals, and appellees insist that in several respects they have been ignored. The Department, on the other hand, invokes the familiar rule that judicial review of agency action is normally to be confined to the administrative record. That principle exerts its maximum force when the substantive soundness of the agency's decision is under scrutiny; in the present case, the procedural validity of the Department's action also remains in serious question. Particularly in the latter context, it may sometimes be appropriate to resort to extra-record information to enable judicial review to become effective.

Not surprisingly then, the courts have developed a number of exceptions countenancing use of extra-record evidence to that end. As recently summarized by two commentators, exceptions to the general rule have been recognized

(1) when agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for a failure to take action; (7) in cases arising under the National Environmental Policy Act; and (8) in cases where relief is at issue, especially at the preliminary injunction stage.

*Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989).

The parties have fully briefed the matter and presented arguments to the undersigned on September 26, 2007.[1]

---

[1] As I have come to expect in this case, the briefs provided to the Court were well-written and the arguments presented on September 26, 2007, were very helpful. The Court very much appreciates the caliber of representation provided by the attorneys for both the Plaintiff and the Defendants.

In my opinion, some of the exceptions may justify Plaintiff's request to supplement the record or add extra record evidence. As my Report and Recommendation on the request for preliminary injunction indicates, the agency's action as reflected in the February 14, 2006, letter from Philip N. Hogen to Penny J. Coleman is not adequately explained in the record before the Court. Moreover, that decision may have failed to consider factors which are relevant to the final decision. Furthermore, the issues presented are complex and additional evidence may be of assistance to the Court to understand the issues more clearly. In addition, Plaintiff has presented an argument that the agencies have failed to take action and, thus, additional evidence may be necessary on this issue.

In my opinion, the prudent course is to grant, in part, Plaintiff's motion to supplement the record. I conclude that the evidence should be presented to the District Court for consideration in conjunction with the motions for summary judgment. The District Court can then determine whether or not the extra evidence should become part of the administrative record. Accordingly, the Court will grant Plaintiff's motion and allow the extra evidence to be filed in this matter. The District Court will determine to what extent, if any, the extra record evidence will be utilized in resolving the disputes before the Court.

    /s/ Timothy P. Greeley
    TIMOTHY P. GREELEY
    UNITED STATES MAGISTRATE JUDGE

Dated: October 3, 2007